Good morning. May it please the Court. My name is John Powell. I represent the Kougasian family of TMSL. Neither Bianchi nor Noel involves a claim to set aside a judgment procured by extrinsic fraud. But both of those cases, which the Court asked us to look at, are instructive. I refer to Bianchi because, in its procedural context, it illustrates the purpose for the rule and a proper application of the rule. How is this case, the case that you filed in federal district court that survived, not your tort claim act that you dismissed, but how is this case different from, I don't know how to call it, Kougasian II, your second state court case? Those cases look pretty similar to me. That is to say, the allegations of fraud and so on that you brought in your second state lawsuit look pretty much like the allegations of fraud you're bringing now in front of us. Well, actually, they're not, Your Honor. Okay. How are they different? You're referring to the second cause of action. Yes. Well, not cause of action, the second lawsuit. But I mean the second cause of action in that lawsuit. That lawsuit involved a survival claim under California law, which was the estate seeking compensation for the medical expenses incurred by Mr. Kougasian in the day between the accident and his death, whereas the first case was the wrongful death action, which the family sued for the harm it suffered as a result of the death. They arise under separate statutory schemes in California law. I'm reading from the district court's order, the order that dismissed under Brooker-Heldman, and on page 4 of that order, the district court's quoting all kinds of claims about witness tampering, bad faith action, frivolity, and so on. Actually, none of that is part of the basis of the claim for extrinsic crime. There is one thing that was mentioned in the complaint, in the survival action, which the district court relied upon in making its decision, which is the statement that was made in there that the defendants failed to provide the address of the witness, James Elwell. The judgment in the wrongful death case was obtained by a declaration of a witness named James Elwell, who had not been disclosed in any of the reports to the homicide detective, to the MS personnel, to the United States Department of Agriculture, Jones' property, or in discovery throughout the lawsuit, and then at the time of the discovery cutoff, that declaration was used in support of a motion for summary judgment. Now, if Noel is right, or right or wrong, if you're stuck with Noel. Noel is right, absolutely. Well, not only does it summarize the principles involved in the document, but there is a portion of it which I think makes the, which is entirely consistent with our position and in fact mandates reversal of this decision. I'm sorry to interrupt. No, it's okay. Noel, I'm interested in what you say. Keep going. On page 1160, the opinion states that Section 1738 requires the federal district court to give the same, not more and not less, preclusive effect to a state court judgment, as that judgment would have in the state courts of the state in which it was rendered. And later in that same page, it says, if a state court judgment is not entitled to preclusive effect under the law of that state, subsequent litigation in federal court is no more precluded by that judgment than subsequent litigation in state court. What that means to me, and I think it's consistent even if we're talking about a case like Bianchi, which involves a federal question, as most of these cases do, but what it says is you look to state law. The question is, if this lawsuit could be filed in state court, then with the existence of diversity jurisdiction, there's no reason for the federal court to reject it. So could you go back to the court which adjudicated the first case and make an application at court to set aside its judgment, the vacated, based on fraud on the court under California law? Under California law, there are two procedural mechanisms for doing that. One is we could make a motion in the original action, the action in which summary judgment was granted. Or alternatively, we could file a separate action in equity. Like in federal court 60B-6 or whatever. Exactly. As a matter of fact. Well, if you could do that in state court, and if you have a meritorious claim that the judgment by the defendant was procured by fraud on the court, you would then be able to proceed with your original case in state court. That is correct. Well, then, if you have, then why isn't this case inextricably intertwined, in the words of Judge Fletcher, with the state court matter? It's not inextricably intertwined with any litigation that has been asserted. This lawsuit, this action for equitable relief could be asserted in Los Angeles County Superior Court. But how could it be asserted? It could be asserted in federal court because of the diversity of jurisdiction. Yes, but the point is, it's race judicata in California as to anything which was asserted in the original case as well as could have been asserted. And I take it in the original case, if the defendants were engaging in fraudulent or other illegal conduct through discovery or cross-examination or what have you, you could have revealed that fraud. Whether we could have, Your Honor. We were denied cross-examination or discovery with respect to this issue because of the peculiar circumstances which are alleged in this case, but were not alleged in the second Superior Court case because the facts weren't known then. Well, you were denied that by the court, not by the defendant. Not at all. We don't allege that the court committed any error. This is exactly the situation that's discussed, and we quoted this in our brief at page 19, the case of McKenna v. Field or File. That's that Alaska case. Yes, Your Honor. And it discusses the distinction between a case, really a case like Bianchi where the party, the plaintiff had all of his rights under California law protected and preserved, and he, unsatisfied with those results, went in and attempted, in effect, a de facto appeal by filing a civil rights action in federal court. It distinguishes between that kind of case in which Rooker-Feldman is properly applied in this case, which I'm quoting at page 543. On the other hand, if the proceedings are tantamount to a bill in equity to set aside a decree for fraud in the obtaining thereof, then they constitute an original and independent proceeding, and according to the doctrine laid down in Gaines v. Fuentes, the case might be within the cognizance of the federal courts. That's what this case is. This case alleges that because of the fraud perpetrated in connection with the Elwell Declaration, as to which we were never given an opportunity to depose or cross-examine the witness, summary judgment was granted. Okay. And a 5-year-old child and his mother were deprived of a claim worth $4 million. Let's see. Pardon me. If we adopt your position in this matter, and it's remanded back to the federal court, as I understand, in federal court, you will have to, number one, prove the fraud which you allege. Of course. And then you will have to try in that fraud case, the ski accident case, I'll call it, the ski negligence case. Correct? Yes, Your Honor. Okay. And that case which you would try in federal court is the very case which you attempted to try in the first case. But never did, yes. Well, you didn't get the opportunity to. That's correct. Uh-huh. And you don't see this as inextricably intertwined with the State court litigation? Well, clearly, the facts are inextricably intertwined because we're talking about the same facts. But, I mean, the facts of the underlying case. But the fact of the fraud was not alleged anywhere in the Superior Court. What would prevent anyone now? I tell you, you're a grown man of wide human experience in the law, tried a number of cases, and they always say, Jerome Frank said that cases are won by the preponderance of the perjury. According to him, not me, every case has some perjury in it. Suppose every case is tried and plaintiff loses a case, hops over to federal court, if there's diversity, and says, look, I lost this case, this contract case in State court. I'm not alleging a contract case. I'm alleging in federal court a fraud. The defendant procured a fraud on, in this case, by fraud on the court. It's not race-judicata because I could file in State court a separate bill of equity or go back to the original court and have that judgment vacated by the fraud. Therefore, the Rooker doesn't apply. Well, your hypothetical doesn't provide a basis for federal court jurisdiction. But let's assume there's diversity in your jurisdiction. Well, I'm talking there's any diversity case tried in State court. Okay. All right. Plaintiff loses it, says, look, one of the witnesses lied, or they misplaced the evidence, they put a rock where it should have been or something. They hop over to federal court, say, fraud, this is a fraud case in State court, they say that. It's a fraud case in which, like in a malpractice case, I'm going to try underneath the fraud case the underlying case. California law answers your question, Your Honor. Pardon? California law answers your question. Under California law, you have just described what is called intrinsic fraud. Intrinsic fraud does not give rise to a separate cause of action. And the reason for that is because juries and judges make mistakes every day and believe people who don't tell the truth and disbelieve people who do tell the truth. And your case is extrinsic fraud. Our case is extrinsic fraud. A trial is a truth-finding proceeding. If a jury believes the wrong person, there is no remedy for that. Under California law, there is specifically no cause of action against a witness who lied for perjury. It's been ruled that you cannot have such cause of action. And you cannot seek to overturn a judgment, you know, separate action, or in the kind of motion that I indicated could also be brought, by proving somehow that the wrong witness was believed. Okay? And my hypothetical was posited upon some witness lying. That's correct. The witness then, after the case is over and the plaintiff loses, the witness is like, I fitted perjury. Right. There's authority that specifically says under those circumstances, this kind of equitable action that this case is, does not exist. There is no cause of action. It's got to be extrinsic fraud. Extrinsic fraud means not that the judge or jury believed the wrong person who testified, but that they were, as in this case, given no opportunity to do anything else. All the judge had in this case was a piece of paper. And a piece of paper from a witness disclosed at the last moment, the judge allowed us to reopen discovery, to find his address, so we could take his deposition, and the address was not provided to us, claimed that they didn't know the address. And so a piece of paper decided this $4 million case. It was taken away from the plaintiffs. They were not given an opportunity to present their case simply because a piece of paper said, I'm an eyewitness, and here are some facts which are inconsistent with everything else that discovery has disclosed, but facts which I know because of discovery you can't refute. And that's how the case was decided. Now, California law makes it clear that where a false affidavit is offered as to which there is no opportunity to cross-examine the witness, a judgment can be set aside in a separate action for equity. The most common example of this would be where a false affidavit of service is offered, where a defendant is never actually served with the papers, but an affidavit offered into court says, I served papers on them, a default judgment is entered. If a defendant can file a separate action in that case, and I can provide you with authorities for these things. They really didn't come up in the briefing. But to say that I was never served, that affidavit was false, and I was never given an opportunity to challenge it, the judgment will be set aside and allowed to proceed. That's all we're asking here is we're asking for the opportunity to show that the declaration offered in support of the summary judgment motion was fraudulent, and only if we bear that burden can we then proceed with the other causes of action. Well, but if we go along with you, then any time a summary judgment application is based on an affidavit, which is later found out to be perjurious or fraudulent. No. Any time a summary judgment, and I don't think anyone in this room has ever seen this happen before. I know I never have, and I can't imagine this could be a frequent occurrence. But any time a motion for summary judgment is granted based upon a declaration from a witness, access to whom was never given to the losing party because the party that offered him never disclosed him in discovery, and after the declaration was offered, his address was withheld from that party. And that party can then come in and show that that was done in a fraudulent manner, that is that the address was actually known. Did you ask the State court judge for, when you argued the summary judgment based on this affidavit, this declaration, that I don't have the identification address so for that? The judge knew it very well, Your Honor, because we went in as party, and as a matter of fact, Mr. Weiss did not oppose the application to permit us to reopen discovery to take his deposition. And what was the judge's response when you said this is a declaration by a person, and I haven't had an opportunity to tell you? He said, well, you've got to have his deposition. And then, of course, we – they claimed not to have his address. And so at the hearing on the summary judgment motion, we did all we could do, which was to file an objection to the use of the declaration on the grounds that it was unfair to do so. But there's no – And you're alleging that they lied in saying they did not have the address. That's correct, Your Honor. Well, in effect, what you're saying, though, aren't you saying that the court made a mistake? No, not at all. What mistake did the court make? Should have relied upon a declaration which – We're not saying that. In fact, under California law, there's no provision of the evidence code that precludes the use of that – of that affidavit. From a declarant that you did not have an – didn't even – didn't know the address of or – The implication of your question, Your Honor, is that that was unfair. I agree. But I'm not aware that it's a violation of California law, and we're not here on that basis. We're here on the basis that the judgment was obtained solely as a result of the false declaration, which we had no chance to test. Under California law, it's clear that we could bring this action in state court. My clients who live in Virginia wanted to bring it in federal court. I think they have the right to do that. And it's clear under California law you can go back to the court that originally entered this judgment and have it vacated. We could do it in – that's right. We – when it came time to consider filing this lawsuit, we considered two possibilities. One is jurisdiction, which was clear in Los Angeles County because it's the residence of the defendant and it's where the judgment was entered in superior court. Or because of diversity of jurisdiction, federal court. It just seems to me under this inextricably intertwined theory that it would be most appropriate for the state court that entered this inappropriate judgment that they be given the first – given the opportunity, if it's true, to clean up their own – to clean up their own business. Well, the inextricably intertwined formulation only comes into play once you have a de facto appeal from a state court judgment. We don't have that. Rooker is – the question in Rooker is always whether it's a de facto appeal. And I'm saying if it's – if it is inextricably intertwined, that's another aspect of where Rooker takes hold. And my – my thought, and I'm not – it's not a ruling. No one's made up their mind here, is that it appears that it could be well argued, and I'm sure it will be argued, that what you're saying is that you can go back to the state court that made this – that had this fraud perpetrated on them, and it seems to me they would be in the best position to know whether or not they were – that this judgment was procured by fraud on the court. No, they wouldn't, because it's all a matter of record. It's a matter of offering the affidavit and offering the summary judgment motion. I mean, procedurally, what happened is not in dispute. Why should they be given the – why should they be the ones to clean up their own work? Because the law says that in this circumstance where you're challenging a state court judgment on that basis, that the Rooker-Feldman Doctrine doesn't apply. Now, maybe if you were creating a new doctrine, you could say it makes more sense, but then what you're doing really is saying any review ever of a state court judgment is barred by the Rooker-Feldman Doctrine. I mean, because we're offering – I mean, clearly, the Noel case doesn't say that. It says you only give the full faith and credit to the state court judgment that a state court would give to it. Well, a state court would allow a challenge to this judgment in this equitable action. Could I – we got off – I didn't fully answer your point, Judge Fletcher, before I was asked another question about why – what the distinction is here between this and certain allegations that were made in the second case that's time-wise? That's okay. You don't need to pursue it. Okay. Thank you. I think I've taken up more than my time. Thank you very much. If you have any further questions, please. Thank you. Thank you. Good morning, Your Honors. May it please the Court, my name is Phil Weiss. I represent TMSL and Howard Moore. First thing I'd like to bring up are a couple of issues that aren't part of the record, but I think are pertinent to the case, one of which is that several months ago, the Court of Appeal in case number two did – we did have a hearing, and they did uphold the dismissal of case number two. The record here, when Judge Cooper issued her opinion dismissing this case, she wasn't – that had not yet been decided, but the Court of Appeal for California has upheld that dismissal. Did they write an opinion? They did. I have copies of it. And has the other side seen that? I believe that he saw it, that counsel saw it when it was issued. It's not part of the record here. But I assume because it's a public record, we can take judicial notice. Sure. It's not – they said it was not published, but obviously it's binding on the case. But I do have many, many copies with me if the Court wants that. Your Honor, I have a problem with that. The decision is final. It affirmed the judgment on the basis of a breach of the covenant, and it did not address the issue of the file because that was not before us. Yeah. Well, actually, that – I believe that is discussed in there. Well, whatever it is, it is. Exactly. And I assume that there's no difficulty in your submitting it in an appropriate form and giving us the citation if it's available in the published documents. There won't be any problem with that. Okay. Also – We have these gum sheets here you can use. Pardon, sir? We have gum sheets that you can use. Okay. Also, interestingly, Judge Callen asked a question about whether this could be brought in state court, and I only learned about this a few weeks ago, too. Again, it's not part of the record, but in April of this year, counsel did file in state court here in Pasadena, literally, other than the caption, an identical lawsuit to the one that's in front of us right now. Literally, you could hold it up to the light and page by page, including this extrinsic fraud claim or alleged that was filed but never served in April, dismissed in June for reasons I don't know. But in any event, it is there as part of – and dismissed without prejudice, I might add, as the court record will show. In any event, obviously the crux of what we're here about is whether or not this case is barred by the Rupert Feldman Doctrine. And the first question we know is, is it a forbidden de facto appeal of the losses that the appellees sustained in the state courts? And secondly, or part of that, is it extrinsically – inextrinsically intertwined with the issues that were resolved there? If the answer is yes, and we believe it is, then Judge Cooper's order of dismissal should be upheld. The only way that the appellees in this case can avoid dismissal is to argue that this isn't a forbidden de facto appeal, but that it is somehow something new. Well, the claim that this is not – the case is not a ski accident case for negligence before us. The case is a fraud case before us. He's claiming his client was defrauded. True, he says, in that fraud case he's going to show he was defrauded in his ski accident case. But why doesn't that make it a fraud case and – which wasn't the original ski accident case that he filed? Well, because he did litigate this down below or in the state courts. And Judge Cooper pointed that out. This was part of case number two. He wants to say in his papers that, well, back in case number two, we only suspected it was a fraudulent declaration, but now we have actual evidence of it. But this is just a matter of semantics. But on that argument, and you may want more to say, but so far I hear you saying that it's res judicata coming out of what the state court did in case number two in the state court. Well, in fact, if the Court reviews our motion in this case, we actually brought our motion to dismiss based on res judicata claim preclusion. We didn't bring it on the Rooker-Feldman issue. I think that was brought by the co-defendant, and certainly the Court had the right to raise that on its own if I read those pieces correctly. Sure, sure. No, if Rooker-Feldman applies, it's subject matter jurisdiction. Right. And I will certainly, if I have time remaining, point out how I believe, point out that claim preclusive issue. Yeah. Although it may be that given, if we were to conclude that Rooker-Feldman does not bar, but it potentially could be barred by res judicata, given that the district court didn't reach that question, perhaps it would be best for, okay, we don't reach it as an original matter, but let the district court reach the question it previously avoided. Well, that's certainly within the power of the Court, but having been educated by the district court, I tend to agree with them at this point. Well, let me ask you, let me tag along with Judge Fletcher's question. Is Rooker-Feldman more expansive than res judicata? No. I mean, it would seem to me your argument would be that Rooker-Feldman is res judicata plus. No, not at all, and I don't think, and the cases clearly state that it isn't. One is jurisdictional and one is much more substantive, and they are distinctive things. However, in this particular case, I think they are almost identical because, and this is the quandary that the appellants have in this case, it is the fact that this issue of fraud was litigated actually and discussed in case number two, and for that matter, they knew about the death of the declaration and they knew they didn't depose this person and they knew that it was being part, but not solely, part of the summary judgment in case number one. That issue was already litigated, this extrinsic fraud or whatever we want to call it, claim in the state courts, specifically in case number two, and I'd like to point out that the operative complaint in case number two was an amended complaint, and although it may not be part of the record, the original complaint in case number two didn't mention this fraud because that was filed, case number two, was filed before summary judgment was brought in case number one, but after summary judgment was brought in case number one, with this purportedly fraudulent declaration, counsel, on his own, amended the complaint in case number two to allege these very fraudulent points. So clearly, it was part of case number two, it was litigated in number two, so to that extent, it is barred by Rooker-Feldman. Similarly, if for some reason we were to decide that Rooker-Feldman didn't apologize, then this is one of those unusual cases, not like perhaps Noel and Bianchi and the numerous other ones, but this is one of those cases where they really do parallel between Rooker-Feldman and claim preclusion under, is it 1738 of the 28 U.S.C.? That's the federal statute. And so I think that they're darned if they do and they're darned if they don't, but there's no doubt. I mean, our position is that, as I believe Judge Cooper put in her opinion, that they've simply repackaged this with a specific cause of action for fraud to try to make it seem like this is a bill in equity, and I don't think that's correct. Well, if that's true, then, if this was decided in case number two, then what I hear you talking, it's race judicato. But that's true, but I'm not the one who raised, it was Judge Cooper who brought up the Rooker-Feldman doctrine. Now, the Rooker-Feldman doctrine is going to say that you can't, that a federal court doesn't have jurisdiction to attack a state court claim. Why is, I'm not, that's not adopting the hypothetical or the suggestion that Rooker-Feldman has given greater weight than claim preclusion, if I'm understanding the court correctly. It's simply an alternate. You have to reach the, obviously the federal courts know you have to reach the jurisdictional question first. Well, is this a collateralist attack on a state court judgment? A forbidden de facto, I don't think that this is inconsistent with any of the cases. Certainly not the Noel case, although in that case, I guess it was only the seventh cause of action for fraud, which was sent back to the state or which was allowed to proceed in federal court. That was originally dismissed because it was, because the underlying state case hadn't resolved. We don't have that here now that. Well, just to clarify one thing for myself. Yes. In the first case, there was no fraud alleged in the first case, let's put it that way, except it was a straight personal injury case. Sure. Okay. So, and it wasn't until the second case was, amended complaint, first amended complaint, that the fraud blossomed. And you claim that fraud in the, in that first amended complaint in the second case is the same fraud that's alleged in the case that's presently on appeal before us? Practically speaking, yes. Well, when you say practically, what do you mean? I'm a little scared of practically. Well, what I mean is that as counsel tried to state in the state case number two, they suggest or suspect that it might have been fraudulent. And I think I'm just repeating what Mr. Powell put in his opening brief and perhaps his reply brief here. But it was more of a suspicion and now supposedly it's a. Well, the same facts of the fraud were alleged though. It's all related to this purportedly fraudulent declaration. I know that the clock has stopped, but if I may, California Code of Procedure Section 437C, which is the one that authorizes summary judgment, specifically subparagraph E, provides that summary judgment won't be, can't be denied for want of cross-examination of a witness. This was brought up in that case, in case number one. It was certainly brought up in case number two. I also wanted to point out briefly, I talked about the specific reasons that Judge Cooper ruled the way she did, but there's also practical consideration here, which Judge Cowen questioned Mr. Powell about, which is that what are the practical considerations to take into account if this does go back and then there's a trial on this. They claim that they're not attacking the judgment in the state court, but that they're instead merely attacking the summary judgment motion that we brought and upon which the judgments were based. They've said in their papers that they agree that the court was correct in granting summary judgment, yet they're trying to, and that's the way that they're trying to get around Rooker and Noel in those cases. But again, it's a semantic issue, and it's also 180 degree opposite from what those, what they argued in the state court where they said you shouldn't grant these motions. It's disingenuous in our opinion, and imagine what will happen if it goes back to the trial level. What evidence is going to be taken? They'll have to prove that there's no way we could have won the case but for that declaration. The possibilities are endless, but the fact remains that the federal court will be asked to inquire into what went into the summary judgment motion and why the state court granted it, and that's just not allowed. It should also be pointed out that under the Bianchi case, Rooker-Feldman applies even where as here, the federal court plaintiff claims that they didn't receive a full and fair opportunity to litigate their claims in state court. That's right in there also. But for the fact that diversity was created in this case by the plaintiffs moving out of California after case number one, we wouldn't even be here today. So I think to that extent, you know, the cases talk about whether or not the federal action is a general constitutional challenge. Well, there's nothing constitutional about this case, and it's purely based on diversity that was conveniently created. I just want to also point out from the Bianchi case, there's a quote that I think is particularly noteworthy, and this is at page 902. It is difficult to imagine what remedy the district court could award in this case that would not eviscerate the state court's judgment. That's the bottom line, and that's why this is a forbidden de facto appeal. And then from there, there's no question but that, even as Judge Fletcher wrote in Noel, that if the second question is, is this inextricably intertwined, there's no doubt. I mean, that's a no-brainer. I don't have anything further. Thank you so much. Thank you. Thank you. I please the court. Jim Bodecker for Pancake Insurance. I've got the flu very badly, so I'm just going to add a brief... Why don't you talk to us through one of our telecommunications systems? I should have phoned it in. The court will have a chance to look at the... Did you get a flu shot? Yeah, I got one, and this apparently snuck around the... When did you get it? I got it a couple of weeks ago. My wife got the flu shot also, and I got it from her, so... No, it takes a month before it kicks in. Good lawsuit against the flu shot. Anyway, I think I'm far enough away that you're not in danger, and I've stayed away from Mr. Weiss. When this matter came up for submission on what we're calling Cougasian 2, which is basically a rehash of these same facts that were brought up in the Second District Court, Judge Munoz, he delivered it. It's a non-published decision, so there's no citation, but he's an old acquaintance of mine from criminal law days, and I thought he put his finger kind of nicely on why the fraud allegations, which have been cast now in three or four or five different cases with different words, fraud, misconduct, abusive process, for the end of the opinion on page 13, Judge Munoz says, however, and this is discussing basically sustaining the original judgment based on both res judicata and collateral estoppel, Judge Munoz says, Don has alleged no new facts, but merely repeats her complaints of a cover-up and frivolous bad faith actions, which are essentially the same as the allegations made in Cougasian 1, concerning defendants' allegedly oppressive conduct pre-litigation. Even if we were to agree that Don has uncovered new facts, such new facts do not alter her legal rights. Further bad faith actions and the addition of K&K as a defendant, who also purportedly engaged in the cover-up of what really happened to James, does not change the fact that in Cougasian 1, the court determined that TMSL had no duty to James. If TMSL had no duty to James, then any cover-up of what happened to James is meaningless, because there was nothing to cover up. There is therefore no change in Don's legal rights, vis-a-vis TMSL, because no duty was owed. Thus an exception to collateral estoppel cannot be found, based upon what are clearly sham allegations designed to sidestep the previous findings in Cougasian 1. So whether we talk about res judicata, collateral estoppel, Rooker-Feldman, or a combination of all three, the real question here, is there anything of substance being presented now that wasn't presented in Cougasian 2 or Cougasian 1 for this Court to consider? The Court of Appeal, in its most recent unanimous decision, there were now two answered that question in the negative, and I don't think that this Court has to look any further. Thank you. Thank you. You know, you probably just have a bad cold. Well, I have a daughter who's a doctor, so I inherited all those skills. Yeah. We've got an advice nurse out in the hall. Yeah, there are all the matters that were discussed relating to matters that are outside the record before you, including the opinion from which a portion was just read in the survival action, relate to facts other than the allegations of fraud related to the declaration. In other words, do you deny that the fraud that you're alleging here in Federal Court are the same as in Cougasian 2? The fraud was neither known nor alleged at the time of the second action, the survival action. Do we have Judge Monial's opinion in Cougasian 1 in the record in front of us? I assume we could. That is to say, it's public record. I don't know. I know that the Court of Appeal decision is before you. It wasn't Judge Monial's who wrote the first opinion. And Cougasian 2? Yes. Do we have that in the record? No, because that actually, as Mr. Weiss stated, the decision in the second case came down while this matter was pending. But it's consistent with the allegations of the complaint. We allege in the complaint that the wrongful death action was lost because of the fraudulent declaration. And as to Mr. Weiss's point that, gee, that would be a hard thing for us to prove in district court, it really wouldn't because under California law you're required to state the undisputed facts upon which the motion is based. And several of those facts were supported only by that declaration. In other words, the motion could not have been brought without that declaration. But your first amended complaint in Cougasian 2? Yes. Basically alleged the same facts as you have as a federal plaintiff. No, not at all. Well, alleged the same facts only in the subsequent causes of action where we're saying here's what we want to prove if the judgment is set aside. But the fraud in connection with the Elval Declaration is not set forth in there. The only thing that's set forth about the Elval Declaration in there was that we didn't know the guy's address. And so that was part of a series of conduct that we characterized as unfair. But there was no allegation of fraud in that cause of action. The prayer for relief did not seek to set aside the wrongful death judgment. It's an entirely different cause of action. It was a cause of action for intentional infliction of emotional distress based upon lies to the homicide investigators and other misconduct which the court of appeal decided we couldn't proceed with. How come you couldn't locate this person? How come we couldn't locate him? How come you couldn't find this person? Well. What was the problem? Because the lawyers who took his declaration told us they didn't know where he was. And because the defendant, for whom he worked part-time sometimes, told us under penalty of perjury in response to an interrogatory that they didn't know where he was. Well, and did you have any investigators? Yes, we did. And as a matter of fact, the complaint in this case alleges that we were unable to find him and that subsequently we were able to learn the truth, actually, with respect to the declaration after the resolution of what's being called. What was the person's name? I'm sorry? What was his name? Who? What are you looking for? Oh, I'm sorry. James Eugene Elwell. Did you try the Internet? Yes, we did. All right. Have you had your flu shot? I have not, Your Honor. I have a cold, not the flu. So. I'm about to get the flu. Do me one favor. Yes, Your Honor. Stay on this side of the room. I don't want to get my law clerk sick. I wouldn't want to be responsible for that. Oh, please. Can I just say one other thing that was brought up that's off the record that I would appreciate the opportunity to respond to? And that is that, you know, my clients didn't artificially create diversity jurisdiction. There's nothing in the record to support that claim. They, you know, Mr. Kugazian was the sole breadwinner of the family. Mrs. Kugazian is a housewife. Willie Kugazian is a five-year-old child. Their family is in Virginia. And they were left without any means of support, and they moved back to Virginia where they came from. They had only come out to California for his job to begin with. And I know that's not in the record either, but I just think it was unfair to characterize the creation of diversity jurisdiction. It wasn't characterized. It was merely suggested. And, of course, as a matter of law, it's irrelevant. Thank you, Your Honor. Do you have more? I apologize, but if the Court would give me 30 seconds to read something from the operative complaint leading to- All right. Go ahead. Go ahead. Very briefly, I'm sure the Court's familiar with the record, but still, since it was mentioned, the excerpts from the record, which the Court has, it includes as an exhibit the operative complaint in this case, in Kugazian 2, which is actually called the Second Amendment. And what page are you on? This would be, it starts at page 24, but I'm specifically going to be reading from page 28. ER 24? Yes, sir. Okay. One more here. All right. It's been referred to as First Amendment. It was actually Second Amendment complaint. But this is the operative complaint that we're dealing with. And this is the one that we're claiming is essentially repetitive or duplicative of what's being sought here in federal court. Page 28. Now, if we, it starts with a sentence midway, but it says, referring to the fraud, quote, including one whose false, referring to the defendants, including one whose false declaration they submitted in support of- Well, the language you're reading is the language that was, that's the same paragraph that Judge Cooper quoted in her order. That's true. Yeah, I mean, we've seen it. That's true. Yeah. It's just, I was responding to the inquiry, which the discussion that the college has made about it not being discussed in the state court. Thank you. Thank you. Okay. Anything else? All right. Thank you. The matter will stand submitted, and the court stands adjourned for this session. And just go right straight through the door. It's very hard to get a healthy law clerk. Thank you.
judges: Pregerson, Cowen , W. Fletcher